IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Luis Antonio Aguilar Marquinez, et al.,**

Plaintiffs,

v.

Civil Action No. 12-695-RGA

**Dole Food Company, Inc., et al.,**

Defendants.

ORDER

Having reviewed the relevant papers, IT IS ORDERED:

1. Dow Chemical's Motion for Summary Judgment (D.I. 56) is before the Court. It is joined in by various other defendants. (D.I. 59, 60, 61, 67).

2. Dow's motion is, in reality, a motion for partial summary judgment. It seeks dismissal of those plaintiffs who previously filed suit against Dow in other courts more than two years before the filing of this case. (D.I. 56 at 1). It says five of the seven plaintiffs in this case did so. (D.I. 57-4 at 54). Plaintiffs, in return, appear to dispute whether three of the five actually were in another lawsuit. (D.I. 65-1 at 13; 69-1 at 3).

3. I am not clear on what Dow's theory is. Parts of its briefs read as though the statute of limitations began running in 1995, and thus has expired, implying that all plaintiffs are time-barred. Yet, Dow is not moving for summary judgment on all plaintiffs. Thus, I think Dow's theory is that the statute of limitations cannot be tolled from 1995, and the filing of a suit by a plaintiff more than two years ago shows that the plaintiff knew of his right to sue, and therefore nothing else (such as fraudulent concealment) can toll the running of the statute of limitations.

(*See* D.I. 57 at 8 n.2). It could also be Dow's theory that, by filing a separate lawsuit, a plaintiff

opted out of the putative class action, thereby losing whatever tolling effect the class action

would have had. As Dow notes, this is a controversial issue to which there is no clear answer.

(D.I. 57 at 26 n.15).

4. I am not prepared, at this juncture, to hold that the class action terminated in 1995.

When the Fifth Circuit has ruled on the appeal from *Chaverri*, it might be a lot clearer than it is

right now.

5. I am also hesitant to grant summary judgment on the basis of comparing thousands of

names on Plaintiffs' lists with thousands of names on Dow's list. (*Compare* D.I. 57-4 at 54 *with*

D.I. 69-1 at 9, 15, 20). This might be a more productive exercise when there has been discovery.

6. Therefore, Dow's Motion for Summary Judgment (D.I. 56) is **DENIED**.

Entered this /9 day of September, 2013.

United States District Judge