**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LUIS ANTONIO AGUILAR MARQUINEZ, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 12-695-RGA-SRF (CONSOLIDATED) |
| DOLE FOOD COMPANY, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Presently before the court in this alleged mass toxic tort action is a motion for dismissal

of the claims of Ecuadorian plaintiff Francisco Oswaldo Villacres Mendoza ("Mendoza") against

defendants Chiquita Brands International, Inc. ("Chiquita International"), Chiquita Brands LLC

("Chiquita Brands"), and Chiquita Fresh North America LLC ("Chiquita Fresh") (collectively,

"Chiquita") pursuant to Federal Rule of Civil Procedure 37(b).[1]  (D.I. 274)  For the following

reasons, I recommend GRANTING Chiquita's motion.

### II.    BACKGROUND

On June 1, 2012, plaintiffs originally filed this mass tort action against multiple

defendants in the District Court of Delaware.  (C.A. No. 12-697, D.I. 1)  A thorough recitation of

this action's lengthy procedural history can be found in the court's previous Report and

Recommendation addressing Chiquita's previous motion to dismiss.  (D.I. 225)

---

[1] The briefing for the pending motion is as follows:  Chiquita's opening brief (D.I. 274), plaintiff's answering brief (D.I. 286), and Chiquita's reply brief (D.I. 288).

Chiquita filed its first set of interrogatories on September 24, 2019. (C.A. No. 12-695, D.I. 274, Ex. A) The Ecuadorian plaintiffs served their interrogatory responses on October 24, 2019, but did not provide any verifications. (D.I. 274, Ex. B) On November 26, 2019, the Ecuadorian plaintiffs filed supplemental interrogatory responses. (D.I. 274, Ex. C) The following day, the Ecuadorian plaintiffs filed a second set of supplemental interrogatory responses. (D.I. 274, Ex. D) Neither of these supplemental interrogatory responses included verifications. (D.I. 274, Ex. C; Ex. D) Following a December 9, 2019, discovery dispute teleconference, the court ordered the Ecuadorian plaintiffs to provide sworn verifications on or before December 27, 2019. On December 27, 2019, the Ecuadorian plaintiffs filed a third set of supplemental interrogatory responses and verifications for fifty-nine plaintiffs. (D.I. 274, Ex. E) Mendoza was not among the fifty-nine plaintiffs that submitted verifications. (*Id.*) On January 3, 2020, the court granted-in-part an extension of time to serve verifications and ordered that outstanding verifications be provided on or before January 15, 2020. (D.I. 207) In a January 16, 2020, discovery dispute teleconference, the court ordered verifications be produced on or before February 1, 2020. In a February 13, 2020, discovery dispute teleconference, counsel for the Ecuadorian plaintiffs confirmed that no verification has been obtained for Mendoza and the court denied Chiquita's motion to dismiss pursuant to Fed. R. Civ. P. 37(b) without prejudice. (D.I. 274, Ex. F at 7:12-16, 11:6-20) To date, sixty-four plaintiffs have provided verifications. (D.I. 286 at 1; D.I. 274, Ex. E) On February 18, 2020, Chiquita filed the present motion to dismiss due to the plaintiff's failure to verify responses to Chiquita's interrogatories, forty subparts of which require Mendoza's individual responses. (D.I. 274) Plaintiff does not dispute Chiquita's chronology and his failure to verify the discovery responses.

## III.     LEGAL STANDARD

Rule 37(b)(2) states, in pertinent part:

> If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following: . . . dismissing the action or proceeding in whole or in part . . . .  Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.

1984), the Third Circuit prescribed six factors that "a district court must consider before it

dismisses a case" pursuant to Rule 37(b)(2).  *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d

Cir. 2013).

The factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.  "[D]ismissals with prejudice or defaults are drastic sanctions, termed

'extreme' by the Supreme Court."  *Id.* at 867-68 (quoting *Nat'l Hockey League v. Metro Hockey*

*Club, Inc.*, 427 U.S. 639, 943 (1976)).

## IV.     DISCUSSION

The court recommends granting Chiquita's motion to dismiss, as several *Poulis* factors

warrant the sanction of dismissal.  Although district courts must analyze each of the *Poulis*

factors, it is not necessary that all factors weigh in favor of dismissal to impose that sanction.

*See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992).

As to the first factor, the extent of Mendoza's personal responsibility, Mendoza has made himself unavailable to his counsel and, when he does make himself available, he has refused to sign his verification. (D.I. 269 at 2; D.I. 286 at 1) Plaintiff argues that Mendoza has indicated his intent to pursue his case by providing a notarized authorization to obtain his personal records, submitting to sperm and blood testing, and providing "interview responses."[2] (D.I. 286 at 1) However, plaintiff concedes that Mendoza has "become reluctant to sign further documentation." (*Id.*) Therefore, the first factor weighs in favor of dismissal.

As to the second factor, the prejudice to Chiquita caused by Mendoza's failure to provide verifications, plaintiff argues that Chiquita is not prejudiced by the lack of verification from Mendoza until he is scheduled for his deposition. (D.I. 286 at 2) Plaintiff asserts that there are sixty-four other plaintiffs who have provided verifications and plaintiff's counsel has not designated Mendoza to travel for his deposition in 2020. (*Id.* at 1-2) On the other hand, Chiquita argues that it is prejudiced because Mendoza has not verified the truth of his claims or confirmed whether he has any knowledge of the facts underpinning his claims. (D.I. 274 at 7-8) Prejudice occurs when a plaintiff's failure to prosecute burdens the defendants' ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff seeks an "abatement" of the application of the Federal Rules of Civil Procedure without citing the rules, rule commentaries, or case authorities and argue that any deficiencies can be remedied eventually, when Mendoza's deposition is scheduled. However, Mendoza's failure to provide a verification impedes Chiquita's ability to meaningfully prepare for Mendoza's deposition or

---

[2] These interview responses, which operate as the equivalent of interrogatory disclosures, were prepared in 2009. (D.I. 286, Ex. A) Chiquita seeks to update these responses that are now more than a decade old and Fed. R. Civ. P. 26(e) unequivocally requires supplementation of discovery responses. *See* Fed. R. Civ. P. 26(e).

investigate whether the allegations against Chiquita are "skimpy." (*See* C.A. No. 12-697, D.I. 242)  This factor weighs in favor of dismissal.

As to the third factor, a history of dilatoriness, Mendoza has failed to provide a verification for more than four months.  Mendoza did not provide a verification to accompany his original interrogatory response on October 24, 2019.  (C.A. No. 12-695, D.I. 274, Ex. B)  The court has ordered three separate deadlines (December 27, 2019; January 15, 2019; and February 1, 2020) to provide verifications and Mendoza failed to provide a verification at any of these junctures.  (D.I. 207)  At the most recent discovery dispute teleconference on February 13, 2020, plaintiff's counsel confirmed that Mendoza has yet to provide a verification.  (D.I. 274, Ex. F at 7:12-16)  This factor weighs in favor of dismissal.

As to the fourth factor, whether Mendoza's conduct was willful or in bad faith, Mendoza has not executed a verification willfully.  Plaintiff avers that Mendoza is elderly, has limited education, has worked as a farmworker for the majority of his life, and is unfamiliar with the processes and expectations of the U.S. judicial system.  (D.I. 286 at 1)  However, plaintiff's counsel concedes that Mendoza has "declined to execute a verification" and has "become reluctant to sign further documentation."  (D.I. 269 at 2; D.I. 286 at 1)  This factor weighs in favor of dismissal.

As to the fifth factor, the effectiveness of other sanctions other than dismissal, the parties consider two alternatives:  monetary sanctions and abating Mendoza's claims.  (D.I. 274 at 9; D.I. 286 at 2)  Chiquita notes that while there is little known about Mendoza's finances, plaintiff's counsel's general representations about his clients living in a rural part of a foreign country seem to indicate Mendoza's inability to pay the fees Chiquita has incurred in bringing five discovery disputes and the present action before the court.  (D.I. 274 at 9)  Even if the court

5

were to assume, *arguendo*, that Mendoza was able to pay the amount of any monetary sanction, the ability to collect fees would be difficult, given plaintiff's counsel's difficulties in contacting Mendoza. Plaintiff argues that the court could abate Mendoza's case until he verifies his responses to the discovery served by Chiquita. (D.I. 286 at 2) However, this would not be an effective sanction, as the court has ordered three extensions for the production of Mendoza's verification. Abating his claim would further delay this litigation and effectively provide yet another extension for Mendoza to provide his verification. Therefore, this factor weighs in favor of dismissal.

As to the sixth factor, the meritoriousness of Mendoza's claim, the court cannot assess whether Mendoza's claims have merit at this stage in the proceedings. This factor is neutral.

Therefore, given Mendoza's failure to provide a verification and his history of dilatoriness, the court recommends that the *Poulis* factors weigh in favor of dismissal.

## V.    CONCLUSION

For the foregoing reasons, the court recommends granting defendants' motion to dismiss. (C.A. No. 12-695, D.I. 274)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 26, 2020

_____
Sherry R. Fallon
United States Magistrate Judge