IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LUIS ANTONIO AGUILAR MARQUINEZ, *et al.*,

                                                                      Plaintiffs,

                    v.                                                Civil Action No. 12-695-RGA (consolidated)

DOLE FOOD COMPANY, INC., *et al.*,

                                                                      Defendants.

MEMORANDUM ORDER

      This is a mass tort action in which Plaintiffs allege Defendants exposed them to a toxic pesticide while they were working on banana plantations in Ecuador in the 1960s through 1980s. On April 9, 2020, a U.S. Magistrate Judge issued a Report and Recommendation (D.I. 298), which recommended granting Defendants' Motion to Dismiss Plaintiff Francisco Oswaldo Villacres Mendoza's Claims Against Defendant Chiquita with Prejudice (D.I. 274). Currently before me is Plaintiffs' Objection to that Report and Recommendation. (D.I. 307). I have considered the briefing. (D.I. 307, D.I. 309). For the reasons discussed, the Report and Recommendation is **ADOPTED**.

**I.     BACKGROUND**

      Chiquita Brands International, Inc., Chiquita Brands, L.L.C. and Chiquita Fresh North America, L.L.C. (together, "Chiquita") filed a set of interrogatories on September 24, 2019. (D.I. 274, Ex. A). Plaintiffs filed responses to those interrogatories three times without verifications. (D.I. 274, Exs. B, C, D). On December 27, 2019, Plaintiffs filed supplemental interrogatory

1

responses and verifications for fifty-nine Plaintiffs. (D.I. 274, Ex. E.) Plaintiff Francisco Oswaldo Villacres Mendoza, however, was not one of those fifty-nine. (*Id.*).

On January 3, 2020, the Magistrate Judge granted an extension to serve verifications and ordered that outstanding verifications be provided by January 15, 2020. (D.I. 207). On January 16, 2020, the Magistrate Judge ordered that verifications be produced by February 1, 2020. On February 13, 2020, Plaintiffs' counsel confirmed that there was still no verification for Mr. Mendoza, and, five days later, Chiquita filed the motion to dismiss. (D.I. 274).

According to Plaintiffs' counsel, Mr. Mendoza has "become reluctant to sign further documentation," (D.I. 286 at 1), and "at this temporary juncture, [he] is experiencing fatigue from the processes, demands, and expectations of the legal system with which he is unfamiliar." (D.I. 307 at 3).

## II. LEGAL STANDARD

Under Rule 37(b)(2), if a party fails to obey an order to provide or permit discovery, the court may issue a "further just order," which can include dismissing the action. Fed. R. Civ. P. 37(b)(2). The Third Circuit has prescribed six factors that a district court must consider before dismissing a case under Rule 37(b)(2):

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[D]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court." *Id.* at 867-68 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

A district court conducts a *de novo* review of a magistrate judge's decision on a dispositive matter. Fed. R. Civ. P. 72(b)(3).

**III.   DISCUSSION**

I agree with the Magistrate Judge that the first factor, the party's personal responsibility, favors dismissal. Plaintiffs' counsel points to steps Mr. Mendoza has taken to advance his claims "over the long history of this litigation" (D.I. 307 at 2), but at this stage, it appears he is no longer interested in participating in the discovery that is necessary to adjudicate his claims. He is personally responsible for that choice.

The second factor, prejudice to the adversary, weighs in favor of dismissal. Although Plaintiffs' counsel is right that Mr. Mendoza's actions have not caused an irretrievable loss of evidence, as the Magistrate Judge noted, "Mendoza's failure to provide a verification impedes Chiquita's ability to meaningfully prepare for Mendoza's deposition or investigate whether the allegations against Chiquita are 'skimpy.'" (D.I. 298 at 4-5).

The third factor, a history of dilatoriness, favors dismissal. The Magistrate Judge set three separate deadlines (December 27, 2019, January 15, 2019, and February 1, 2020), and Mr. Mendoza missed all of them. (D.I. 207). Even now, in September 2020, Plaintiffs' counsel has not made any representation that Mr. Mendoza is still interested in participating in this litigation. The COVID-19 pandemic has understandably made it difficult to communicate with individuals in remote regions of Ecuador, but that cannot explain Mr. Mendoza's several months of non-responsiveness before the disruption in international travel in March 2020.

Under the fourth factor, I conclude Mr. Mendoza's conduct was willful. Plaintiffs' counsel offers that Mr. Mendoza's refusal to sign further documents is "perhaps due to the sheer fatigue of a protracted litigation process," and that Mr. Mendoza, who is elderly and has limited

3

education, "is unfamiliar with the processes and expectations of the U.S. court system." (D.I. 307 at 5). A refusal to sign documents, however, is a willful choice, not mere negligence. Mr. Mendoza may have reasons for not wanting to do what is necessary to participate in this litigation, but that indicates he has made a deliberate choice, not accidentally overlooked an obligation.

For the fifth factor, I agree with the Magistrate Judge that, although we know little about Mr. Mendoza's finances, monetary sanctions would probably not be an effective alternative to dismissal (and Plaintiffs' counsel does not dispute this point). Plaintiffs' counsel suggests abating Mr. Mendoza's case, but that would only serve as another extension, and it would not be a sanction at all. In effect, Plaintiffs' counsel is conceding that there is no alternative sanction.

I perhaps do not fully agree with the Magistrate Judge that the sixth factor is neutral. "The standard for determining whether a plaintiff's claims are meritorious 'is moderate.' . . . A claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Hildebrand v. Allegheny County*, 923 F.3d 128, 137 (3d Cir. 2019). We are past the motion to dismiss for failure to state a claim portion of the case, and thus I conclude that Mr. Mendoza's claims have merit. The sixth factor thus weighs against dismissal. But I do not think this conclusion alters the overall balancing of the *Poulis* factors.

Considering all the *Poulis* factors, I conclude the Magistrate Judge correctly decided to dismiss Mr. Mendoza's claims under Rule 37(b)(2). On this record, Mr. Mendoza no longer wishes to participate in this litigation. That is his own choice, and not one that I will override simply because his counsel argues that Mr. Mendoza should get an indefinite amount of time to change his mind.

## IV. CONCLUSION

For these reasons, I **ADOPT** the Magistrate Judge's Report (D.I. 298), **GRANT** the motion to dismiss (D.I. 274), and **DISMISS** with prejudice Plaintiff Francisco Oswaldo Villacres Mendoza's claims against Defendant Chiquita.

IT IS SO ORDERED this 18th day of September 2020.

                                                    _/s/ Richard G. Andrews_____
                                                    United States District Judge