IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LUIS ANTONIO AGUILAR MARQUINEZ, *et al.*,

    Plaintiffs,

v.

DOLE FOOD COMPANY, INC. *et al.*,

    Defendants.

Civil Action No. 12-cv-00695-RGA

MEMORANDUM ORDER

Before me is Plaintiffs' Motion for Reconsideration of the Court's Order denying the application of Hawai'i Law to a subset of Plaintiffs' claims. (D.I. 373). The motion has been fully briefed. (D.I. 373, 376). For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.    BACKGROUND**

More than eight months ago, this Court entered an order granting Defendants' motion for the application of Ecuador Law (D.I. 233), with the exception that Plaintiffs' negligence claim will be governed by Delaware Law. (D.I. 324 at 1-2). Subsequently, Plaintiffs filed a motion for the application of Hawai'i Law to their claims of punitive damages, aiding and abetting, and civil conspiracy. (D.I. 328). Plaintiffs' motion was denied. (D.I. 371).

Following the Court's denial, Plaintiffs filed a motion for reconsideration based, primarily, on the availability of new evidence. (D.I. 373 at 1). Plaintiffs allege that Defendants (specifically Dow) have taken irreconcilably inconsistent positions as to the choice of law issue in previous dibromochloropropane (DBCP) litigation and should be subject to judicial estoppel. (*Id.* at 5).

## II. LEGAL STANDARD

Plaintiffs' motion under Local Rule 7.1.5 is treated as the "functional equivalent" of motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Jones v. Pittsburgh Nat'l Ins.*, 899 F.2d 1350, 1352 (3d Cir. 1990). In order to succeed on a motion for reconsideration, the movant must show "at least one of the follow grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Third Circuit has clarified that the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). When relying on newly discovered evidence, the movant must point to "evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id*. at 415-16 (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 236, 252 (3d Cir. 2010)). "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." *Id*. at 416 (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

## III. DISCUSSION

Plaintiffs' motion turns on the choice of law motion filed by Dow in the 2007 case *Tellez v. Dole Food Co.*, Case No. BC 312 852 (Cal. Super. Ct. 2007). The *Tellez* case involved a group of Nicaraguan Plaintiffs and several Defendants to the instant action, including Dow Chemical and Dole Food Company. (D.I. 373 at 1, 3). Plaintiffs have provided a copy of Dow's choice of law briefing in *Tellez* (D.I. 374-1, Ex. A) and the Court's eventual decision applying Michigan law. (D.I. 374-2, Ex. B).

As an initial matter, Defendants argue that the *Tellez* materials do not constitute newly discovered evidence (D.I. 376 at 4). Defendants contend that Plaintiffs' counsel submitted materials

from *Tellez* in DBCP litigation in Hawai'i on June 5, 2020, five months before Plaintiffs filed their Motion for Application of Hawai'i Law. (*Id*. at 2). In support of their claim, Defendants have provided the Declaration of Plaintiffs' counsel in *Patrickson v. Dole*, Case No. 07-1-0047 (Haw. 1st Cir. 2020) citing to materials from *Tellez* (D.I. 376-3, Ex. 3 ¶ 3) and have provided the underlying materials from *Tellez* that were filed with the Court in *Patrickson*. (D.I. 376-2, Ex. 2).

Plaintiffs' counsel submitted an Amended Declaration in this case (D.I. 374) explaining his previous use of the *Tellez* materials:

> I realized that I first came to learn that Dow successfully moved for the application of Michigan law in the *Tellez* case in the summer of 2020 in connection with another DBCP case pending in Hawaii known as *Patrickson v. Dole*. I did not recall in December 2020 reviewing that information, nor did I recall it until today, after I filed the motion for reconsideration. There is too much information and too many motions and briefs being prepared by different members of my legal team for me to keep a mental inventory and I forgot that I had attached the Stipulation of Facts regarding Dow to a brief I filed in the *Patrickson* case. Even though I was technically in possession of that information in connection with another case, I did not recall it in the context of this motion to reconsider.

(*Id*. ¶ 5). Accordingly, it is apparent that Plaintiffs' counsel was in possession of the *Tellez* materials and appears to have cited them in connection with briefing on a choice of law motion in *Patrickson* before filing a choice of law motion in this District. (*See* D.I. 376-3, Ex. 3). Thus, the briefings in *Tellez* and the opinions expressed therein do not constitute newly discovered evidence. *Blystone,* 664 F.3d at 416. I will not consider them in connection with revisiting this Court's decision on the application of Hawai'i law. (D.I. 371).

Plaintiffs also make a cursory argument that reconsideration is necessary to avoid unfair asymmetry. (D.I. 373 at 6). Plaintiffs argue that if the non-Ecuadorean Plaintiffs are successful in arguing for the application of Hawai'i Law or that of another U.S. State, there will be an unfair asymmetry between similarly situated plaintiffs from other countries. (*Id*.).

The scheduling order for this case, filed in 2018, directed the parties to proceed on a country-by-country basis beginning with the Ecuadorian Plaintiffs. (D.I. 145 at 1-2). The parties briefed both the initial choice of law motion (D.I. 234, 317, 320) and Plaintiffs' motion to apply Hawai'i Law (D.I. 329, 345, 368) as applied only to the Ecuadorian Plaintiffs. A survey of the Docket does not reveal any objection from Plaintiffs as to proceeding on a country-by-country basis in the more than two years since that decision was made.

I agree with Defendants that, at this time, Plaintiffs' position appears to be that "unless they prevail on the motion for application of Hawai'i law, there might be in the future inconsistent rulings." (D.I. 376 at 10). Plaintiffs' assertion that other parties to this action may be subject to different laws is not grounds for reconsideration absent a more fulsome explanation as (1) why it may present a manifest injustice, and (2) why this position may be appropriately raised now.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration of the Court's Order denying the application of Hawai'i Law to a subset of Plaintiffs' claims (D.I. 373) is **DENIED**.

IT IS SO ORDERED this 6th day of July 2021.

      /s/ Richard G. Andrews
United States District Judge