IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS ANTONIO AGUILAR MARQUÍNEZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY INC., *et al.*,<br><br>Defendants. | Civil Action No. 12-695-RGA (consolidated) |

MEMORANDUM ORDER

This is a mass tort action in which about sixty-five Ecuadorian Plaintiffs[1] allege that Defendants exposed them to a toxic pesticide called dibromochloropropane ("DBCP") while they were working on banana plantations in Ecuador in the 1960s through the 1980s. (D.I. 1 ¶¶ 5–7, 41–42, 117–20). After the parties submitted conflicting expert declarations on the contents of Ecuadorian law (D.I. 341, D.I. 356-1, Ex. B, D.I. 360-2, Ex. 2), I ordered the parties to nominate one or more experts to assist me with answering whether an acción de protección (or, "protective action") under Ecuadorian constitutional law is an appropriate mechanism for Plaintiffs' claims. (D.I. 383). The parties nominated only one expert, Professor Ángel R. Oquendo. (*See* D.I. 387, 389). I asked Prof. Oquendo "to opine on matters of Ecuadorian law relevant to the applicability of the Delaware Borrowing Statute." (D.I. 389). Prof. Oquendo submitted a report. (D.I. 393). He testified at a deposition. (D.I. 432-2, Ex. 2).

Before me are the Memorandum Opinion and Order of a United States Magistrate Judge. (D.I. 438, 439). They address Plaintiffs' motion to allocate court-appointed expert witness costs.

---

[1] (D.I. 262 at 4). There are also groups of Plaintiffs from two other countries.

1

(D.I. 419). The Magistrate Judge denied Plaintiffs' motion. (D.I. 438, 439). Plaintiffs filed objections to the Memorandum Opinion and Order (D.I. 440), to which Defendants responded (D.I. 441).

I have also considered the underlying briefing (D.I. 426, 429) and Prof. Oquendo's response to Plaintiffs' motion (D.I. 427). I do not separately recite any of the facts except as I see necessary to explain my decision. For the reasons set forth below, I **AFFIRM** the Magistrate Judge's Order and **DENY** Plaintiffs' motion.

## I. LEGAL STANDARDS

### A. Standard of Review

A motion to allocate court-appointed witness costs is a non-dispositive matter. Review of a Magistrate Judge's decision on a non-dispositive matter is subject to a "clearly erroneous and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under that standard, findings of fact are set aside only when an appellate court is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (cleaned up). "A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014) (cleaned up).

### B. Expert Witness Costs

A court-appointed expert witness "is entitled to a reasonable compensation, as set by the court. The compensation is payable . . . by the parties in the proportion and at the time that the court directs—and the compensation is then charged like other costs." Fed. R. Evid. 706(c).[2]

---

[2] The reference to the compensation being "charged like other costs" is significant. "Once the case is concluded, the rule provides that the expert's fees are taxable as costs to the losing party." Wright & Gold, 29 Federal Practice & Procedure § 6305, p. 571 (2016).

## II. DISCUSSION

### A. Plaintiffs' Objections

Plaintiffs argue that Prof. Oquendo's expert fees are unreasonable. They ask that the fees either be shifted to Defendants or reduced. (D.I. 440 at 1). To support their argument, Plaintiffs cite to cases on the reasonableness of Special Master fees. (*Id.* at 3). Plaintiffs contend that Prof. Oquendo billed 432 hours to write a thirty-page report "without providing meaningful descriptions of the work accomplished." (*Id.* at 1). Plaintiffs argue that Prof. Oquendo's fees in other cases are not relevant to the reasonableness of the fees at issue here, and Plaintiffs contend that the Magistrate Judge should not have taken such comparisons into account. (*Id.* at 3). Plaintiffs also argue that the Magistrate Judge's Memorandum Opinion "fails to undertake the proper legal analysis to reach its conclusions." (*Id.* at 4). They contend that the Magistrate Judge did not conduct an "analysis of the amount and character of the services performed, [or] the difficulty of the problems involved[.]" (*Id.* at 1 (citations omitted)).

Plaintiffs further argue that paying half of Prof. Oquendo's fees would be an undue burden because Plaintiffs are indigent farmers. (*Id.* at 1–2). They contend an undue burden exists even though Plaintiffs have already deposited with the Clerk of Court their share of Prof. Oquendo's fees. (*Id.* at 2). Plaintiffs argue they had no reason to object to splitting Prof. Oquendo's fees equally with Defendants "based on the rational assumption that the court-appointed expert would charge a fee commensurate in a remotely reasonable fashion to" Plaintiffs' expert. (*Id.*). Plaintiffs add that billing twelve to sixteen hours in a day, "without more than minimal explanation, is suspect on its face." (*Id.*).

3

### B. Prof. Oquendo's Fees

I agree with the Magistrate Judge that Plaintiffs have failed to demonstrate that paying half of Prof. Oquendo's fees would pose an undue burden. Although Plaintiffs contend that they are impecunious, they did not submit any evidence to support that claim (D.I. 438 at 6), even after the Magistrate Judge stated that she cannot infer financial hardship without supporting evidence (*see generally* D.I. 440). Instead, Plaintiffs have demonstrated their ability to pay by depositing their half of Prof. Oquendo's fees. (*See* D.I. 438 at 6). Plaintiffs' use of case law is unpersuasive because they rely on cases decided outside of this circuit on the inapposite issue of medical expert fees in civil rights actions. (*See* D.I. 419 at 3–5; *see also* D.I. 438 at 6–7).

I also agree with the Magistrate Judge that Plaintiffs could have objected to the allocation of expert fees at an earlier time. Plaintiffs contend that they assumed Prof. Oquendo would charge a similar fee as their expert. (D.I. 440 at 2). They did not voice concerns, however, until after I issued a Show Cause Order requiring Plaintiffs to explain why they should not be sanctioned for withholding their half of Prof. Oquendo's fees. (D.I. 411; *see also* D.I. 438 at 6). Plaintiffs' skepticism toward Prof. Oquendo billing twelve to sixteen hours in a day is unpersuasive as well. Prof. Oquendo explained that the adequacy issue "was by far the most difficult issue" in the case. (*See* D.I. 426-1 at 16 of 17 (deposition transcript at 211:11–20); *see also* D.I. 427 at 4).[3] Plaintiffs have not substantively responded to his explanation. (*See* D.I. 440 at 2).

I further agree with the Magistrate Judge that the expert witness fees are reasonable. I am unpersuaded by Plaintiffs' citations to cases on Special Master fees because Special Masters play

---

[3] The adequacy issue refers to whether a negligence action would be an "adequate and efficacious" alternative to a protective action. (*See* D.I. 431 at 17).

different roles than expert witnesses and are subject to different rules. (*See* D.I. 438 at 7–8). Plaintiffs do not offer any authority to support their comparison, and contrary to Plaintiffs' contention, I find that the Magistrate Judge undertook a proper legal analysis to reach a conclusion. The Magistrate Judge found that Prof. Oquendo's report conforms to the scope of duties I set (*id.* at 9), and that Prof. Oquendo studied the disputed issues thoroughly because there is no direct, on-point authority addressing those issues (*id.* at 8). While Prof. Oquendo's fees in six other cases (*id.*) do not govern the fees in the present case, the examples show that the total amount billed in this case is lower than for other research he has performed on Ecuadorian law. The Magistrate Judge also noted that Plaintiffs did not submit a declaration attesting to the hours they believe were reasonably necessary to complete the report I ordered. (*Id.* at 8–9). Prof. Oquendo filed an explanation to defend his fees (D.I. 427), and Plaintiffs did not substantively respond to that explanation. (D.I. 438 at 8). I therefore do not see any error in the Magistrate Judge's reasoning, and I agree that Plaintiffs' motion should be denied.

### III. CONCLUSION

For the reasons discussed above, I **AFFIRM** the Magistrate Judge's Order (D.I. 439) and **DENY** Plaintiffs' motion to allocate court-appointed expert witness costs (D.I. 419).

IT IS SO ORDERED.

Entered this 24th day of January, 2024

/s/ Richard G. Andrews
United States District Judge