IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS ANTONIO AGUILAR MARQUINEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOLE FOOD COMPANY, INC., et al., <br><br> Defendants. | Civil Action No. 12-695-RGA (consolidated) |

MEMORANDUM ORDER

Before me is Plaintiffs' motion to stay the enforcement of my order denying their motion to allocate expert fees. (D.I. 446). I have considered the parties' briefs. (D.I. 446, 448). For the reasons discussed below, I will **DENY** Plaintiffs' motion.

I. BACKGROUND

This is a mass tort action in which about sixty-five Ecuadorian Plaintiffs[1] allege that Defendants exposed them to a toxic pesticide called dibromochloropropane ("DBCP") while they were working on banana plantations in Ecuador in the 1960s through the 1980s. (D.I. 1 ¶¶ 5–7, 41–42, 117–20). After the parties submitted conflicting expert declarations on the contents of Ecuadorian law (D.I. 341, D.I. 356-1, Ex. B, D.I. 360-2, Ex. 2), I ordered the parties to nominate one or more experts to assist me with answering whether an acción de protección ("protective action") under Ecuadorian constitutional law is an appropriate mechanism for Plaintiffs' claims. (D.I. 383). The parties nominated only one expert, Professor Ángel R. Oquendo. (*See* D.I. 387, 389). I asked Prof. Oquendo "to opine on matters of Ecuadorian law

---

[1] (D.I. 262 at 4). There are also groups of Plaintiffs from two other countries.

1

relevant to the applicability of the Delaware Borrowing Statute." (D.I. 389). Prof. Oquendo submitted a report on the issue. (D.I. 393).

Plaintiffs deposited their half of Prof. Oquendo's fees with the Court (D.I. 438 at 6) and filed a motion to allocate the expert fees (D.I. 419). The Magistrate Judge denied Plaintiffs' motion. (D.I. 438, 439). I affirmed the Magistrate Judge's order. (D.I. 445). Plaintiffs now seek to stay my order pending their appeal to the Third Circuit. (D.I. 446).[2]

## II.   LEGAL STANDARD

Four factors guide the stay analysis: (1) whether the movant has made "a strong showing" that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

"'[T]he most critical' factors, according to the Supreme Court, are the first two: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm—the latter referring to 'harm that cannot be prevented or fully rectified' by a successful appeal." *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (first quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009); then quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). The Court's analysis should proceed as follows:

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) and (b) will suffer

---

[2] Plaintiffs filed their notice of appeal on February 14, 2024. (D.I. 450). Plaintiffs have the burden of showing likelihood of success on the merits for this interlocutory appeal, but they have not attempted to show why there would be appellate jurisdiction now. To the extent the underlying motion (D.I. 419) sought to allocate Plaintiffs' half of the fees to Defendants, and the issue is not mooted by subsequent events such as Plaintiffs being the prevailing party, I would expect that Plaintiffs would be able to raise the issue in an appeal at the conclusion of the case. Plaintiffs have not cited anything in their motion suggesting otherwise.

2

> irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a sliding scale approach. However, if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis.

*Revel AC*, 802 F.3d at 571 (cleaned up).

### III. DISCUSSION

Plaintiffs argue I should stay the release of their half of Prof. Oquendo's fees pending Plaintiffs' appeal of my fee allocation decision. (D.I. 446 at 1). Plaintiffs contend they have "a sufficient basis to appeal" but acknowledge I may not find a likelihood of success on the merits given that I denied their fee allocation motion. (*Id.* at 2). Plaintiffs nevertheless argue they can show a likelihood of success because the Magistrate Judge and I did not engage in "the requisite analysis of the amount and character of the services performed nor analysis of the difficulty of the problems involved." (*Id.* at 2–3).

Plaintiffs argue that absent a stay, their portion of Prof. Oquendo's fees will be distributed to him. Plaintiffs contend this is an irreparable injury, as they "would then be forced to expend considerable time and resources to attempt to claw back those funds in the event of an appellate decision reversing the Order." (*Id.* at 3). Plaintiffs argue that Prof. Oquendo's "regular globe-trotting" complicates the issue. (*Id.*). Plaintiffs further contend that a stay best serves the public interest and would not harm any interested parties. (*Id.*).

Defendants[3] do not take a position on Plaintiffs' motion. (D.I. 448 at 1). Defendants argue, though, that the validity of Prof. Oquendo's opinions is inextricably intertwined with the

---

[3] For the purpose of the present motion, "Defendants" refers only to those Defendants being sued by Ecuadorian Plaintiffs. (*See* D.I. 448 at 1 n.1).

reasonableness of his fees. (*Id.*). Defendants thus intend to "object to any appeal of these intertwined issues in a piecemeal fashion." (*Id.* at 2).[4]

I do not think Plaintiffs have established a likelihood of irreparable harm absent a stay. "The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484–85 (3d Cir. 2000). Mere economic loss "does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Plaintiffs must instead "meet a more stringent standard to show that the harm is peculiar or special." *Drabbant Enters., Inc. v. Great Atl. & Pac. Tea Co.*, 688 F. Supp. 1567, 1573 (D. Del. 1988); *see also Coca–Cola Bottling Co. of Elizabethtown v. Coca–Cola Co.*, 668 F. Supp. 906, 910 (D. Del. 1987) ("The threshold of 'peculiarity' that the proposed action threatens must be high, because purely economic injuries are generally compensable and do not require injunctive relief.").

Plaintiffs' argument focuses solely on an economic loss, and they have not shown a likelihood of "peculiar or special" harm. Plaintiffs' half of Prof. Oquendo's fees has already been deposited with the Court. (D.I. 438 at 6). Even after the Magistrate Judge stated that she cannot infer financial hardship without supporting evidence, Plaintiffs did not submit evidence showing they are impecunious. (*See* D.I. 445 at 4). If Plaintiffs succeed on the merits of this case, they will be able to recover their half of Prof. Oquendo's fees from Defendants. (*See id.* at 2 n.2 ("Once the case is concluded, the rule provides that the expert's fees are taxable as costs to the losing party." (citation omitted))). Alternatively, if Plaintiffs' appeal of the reasonableness of

---

[4] Defendants also contend that Prof. Oquendo is the real party in interest for Plaintiffs' motion to stay. (D.I. 448 at 1).

the fees succeeds (now or later), they should be able to recover any excess fees (*i.e.*, the amount in excess of a reasonable fee) from Prof. Oquendo. Plaintiffs have not provided any reason to believe otherwise. The contention that Prof. Oquendo's "regular globe-trotting" would interfere with recovery of the funds is unsupported.

## IV. CONCLUSION

Because Plaintiffs have not shown they will suffer irreparable harm absent a stay, I do not have to consider the other *Hilton* factors. The motion for a stay (D.I. 446) is **DENIED**.

IT IS SO ORDERED.

Entered this 27th day of February, 2024

/s/ Richard G. Andrews
United States District Judge