IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS ANTONIO AGUILAR MARQUINEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOLE FOOD COMPANY INC., *et al.*, <br><br> Defendants. | Civil Action No. 12-695-RGA (consolidated) |

MEMORANDUM ORDER

Whereas, the magistrate judge entered an order striking two expert witness designations (D.I. 582);

Whereas, Plaintiffs have objected (D.I. 595) and Defendants have responded (D.I. 612);

Whereas, Plaintiffs designated two "non-retained experts" pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) (D.I. 577-1);

Whereas, on the date for serving expert reports, no such reports were served for the two non-retained experts (D.I. 576 at 1-2; D.I. 579 at 1-2);

Whereas, Rule 26(a)(2)(C) permits limited circumstances where a party can designate an expert but not meet the usual requirements of Rule 26(a)(2)(B) for designating an expert, including the requirement to serve an expert report;

Whereas, I agree with the magistrate judge that Rule 26(a)(2)(C) is limited to percipient witnesses, *see Downey v. Bob's Disc Furniture Holdings*, 633 F.3d 1, 7 (1st Cir. 2011) (expert who does not have to comply with Rule 26(a)(2)(B) is an expert who was "actually involved in the events giving rise to the litigation"), and the two non-retained experts are not percipient witnesses;

Whereas, Plaintiffs cite *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), for the proposition that I should excuse Plaintiffs' failure to comply with the Rule;

Whereas, *Pennypack* is concerned with untimely disclosure, not timely but improper disclosure that cannot be made proper, and therefore is not applicable;

Now, therefore, the magistrate judge's order (D.I. 582) is AFFIRMED.

Entered this 27th day of May 2025.

/s/ Richard G. Andrews
United States District Judge