IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS ANTONIO AGUILAR MARQUINEZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., *et al.*,<br><br>Defendants. | Civil Action No. 12-695-RGA-SRF<br><br>(Consolidated with Civil Action Nos. 12-696, 12-697, 12-698, 12-699, 12-700, 12-701, 12-702) |

### REPORT AND RECOMMENDATION

This civil action, brought pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332, was filed by workers on banana-growing plantations in Costa Rica, Ecuador, Panama, and other countries who suffered adverse health effects after their exposure to the pesticide 1, 2, dibromo 3, chloropropane ("DBCP"). Presently pending before the court are eleven motions to dismiss certain plaintiffs without prejudice, filed by Plaintiffs, and two cross-motions to dismiss certain plaintiffs with prejudice under Federal Rule of Civil Procedure 41, filed by Defendants. I recommend that the court address the motions to dismiss[1] as follows:

| Docket No. | Plaintiff(s) | Recommended Disposition |
|---|---|---|
| D.I. 531 | Epifanio Archibaldo Cornejo León<br>Manuel Jesús Inga Dominguez<br>Mariano Cruz Jímenez Guanoquiza<br>José Erasmo León Velez<br>Luis Lucero Chusino<br>Manuel Benigno Ortis<br>Sergio Peña Campana<br>Luis Alberto Pesantez Redrovan<br>Sixto Torres Farias<br>Eulogio Apolonio Zambrano Otero | GRANT Plaintiffs' motion to dismiss WITHOUT PREJUDICE |

---

[1] The briefing and related filings associated with the pending cross-motions to dismiss are found at D.I. 552, D.I. 553, D.I. 614, D.I. 615, and D.I. 621.

1

| D.I. 533 | Florentino Gilberto Alcibar Monserrate | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
|---|---|---|
| D.I. 534 | Eugenio Ciro Morales | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 535 | Pedro Ramón García Villón | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 536 | Carlos Francisco Jadan Jadan | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 537 | Erick Franklin Palomino Romero | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 538 | Julio Cesar Ruiz Giron | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 539 | Douglas Rolando Sanchez Sanchez | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 540 | Julian Gonzalo Suarez Del Rosario | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 541 | Eugenio De Jesus Vivar Sanchez | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 551 | Epifanio Archibaldo Cornejo León<br>Manuel Jesús Inga Dominquez<br>Mariano Cruz Jímenez Guanoquiza<br>José Erasmo León Velez<br>Luis Lucero Chuisino<br>Beningno Ortis Manuel<br>Sergio Peña Campana<br>Luis Alberto Pesantez Redrovan<br>Sixto Torres Farias<br>Eulogio Apolonio Zambrano Otero | DENY Defendants' cross-motion to dismiss WITH PREJUDICE |
| | Florentino Gilberto Alcibar Monserrate<br>Eugenio Ciro Morales<br>Pedro Ramón García Villón<br>Carlos Francisco Jadan Jadan<br>Erick Franklin Palomino Romero<br>Julio Cesar Ruiz Giron<br>Douglas Rolando Sanchez Sanchez<br>Julian Gonzalo Suarez Del Rosario<br>Eugenio De Jesus Vivar Sanchez | GRANT Defendants' cross-motion to dismiss WITH PREJUDICE |
| D.I. 599 | Lauro Olmedo Chacon Quichimbo<br>Jose Antonio Espinoza Espinoza<br>Julian Alvarez Jovino<br>Leopoldo Mauricio Quezada Vitonera<br>Diocles Leovigildo Rezabala Moreira | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |

| D.I. 613 | Lauro Olmedo Chacon Quichimbo<br>Jose Antonio Espinoza Espinoza<br>Julian Alvarez Jovino<br>Leopoldo Mauricio Quezada Vitonera<br>Diocles Leovigildo Rezabala Moreira | GRANT Defendants' cross-motion to dismiss WITH PREJUDICE |

## I. LEGAL STANDARD

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissals under Rule 41(a)(2) are without prejudice unless the court finds otherwise. *Id.* The Third Circuit has a "liberal policy" in favor of voluntary dismissals which must be counterbalanced against any potential prejudice the defendant might suffer. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). To determine whether dismissal will substantially prejudice a defendant, courts consider: "(1) the potential duplicative expense of a second litigation; (2) the expenses already incurred by the defendant; (3) how far the current litigation has progressed; and (4) whether the plaintiff was diligent in seeking dismissal." *Ferring Pharms. Inc. v. Novel Labs., Inc.*, C.A. No. 17-894-RGA, 2018 WL 5085516, at *1 (D. Del. Oct. 18, 2018).

The court has wide discretion to decide whether the dismissal should be with or without prejudice, even if the plaintiff specifically seeks a dismissal without prejudice. *See Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951) ("[T]he grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion[.]"); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, C.A. No. 15-379-LPS, 2018 WL 914779, at *1 (D. Del. Feb. 15, 2018). If consideration of the foregoing factors shows that the defendant will "suffer legal prejudice as the result of the dismissal, a dismissal with prejudice may be warranted." *Bioverativ Inc. v. CSL Behring LLC*, C.A. No. 17-914-RGA, 2021 WL 3471688, at *1 (D. Del. Aug. 6, 2021). Otherwise, the

dismissal should be without prejudice. *See Mobil Oil Corp. v. Advanced Env't Recycling Techs., Inc.*, 203 F.R.D. 156, 158 (D. Del. 2001) (granting motion to dismiss without prejudice based on finding of no prejudice "other than the prospect of subsequent litigation").

## II. DISCUSSION

The parties agree that the identified Plaintiffs should be dismissed from this action, and their dispute is limited to whether the dismissal should be with or without prejudice. There are two categories of Plaintiffs subject to dismissal. Plaintiffs in Category 1 include those who no longer intend to pursue their claims in this action. (D.I. 533 to D.I. 541; D.I. 599) Plaintiffs in Category 2 include those who are deceased, and for whom no timely substitution was made within the 90-day time frame under Federal Rule of Civil Procedure 25(a).[2] (D.I. 531)

I recommend that the court DENY Plaintiffs' motions to dismiss without prejudice and GRANT Defendants' cross-motions to dismiss with prejudice the Category 1 Plaintiffs who move to dismiss because they "no longer intend[ ] to pursue [their] claims in this action." (D.I. 533; D.I. 534; D.I. 535; D.I. 536; D.I. 537; D.I. 538; D.I. 539; D.I. 540; D.I. 541; D.I. 551; D.I. 599; D.I. 613) In their moving submissions, Plaintiffs provide no explanation for why the Category 1 Plaintiffs should be dismissed without prejudice even though they no longer wish to pursue their claims in this action. (D.I. 533; D.I. 534; D.I. 535; D.I. 536; D.I. 537; D.I. 538; D.I. 539; D.I. 540; D.I. 541; D.I. 599) In contrast, Defendants contend that they have already expended significant resources in successive litigation filed by these Plaintiffs, and dismissal without prejudice would allow Plaintiffs an unlimited option to perpetuate litigation after affirmatively opting not to prosecute the claims. (D.I. 552 at 7-9; D.I. 614 at 4-6) Plaintiffs do

---

[2] Plaintiffs received extensions of the 90-day substitution period under Rule 25(a). (D.I. 552 at 3-5) On this record, there is no dispute that all such extensions have now expired.

4

not deny an intention to renew the Category 1 Plaintiffs' claims in the future, and they do not refute Defendants' position that many of the Category 1 Plaintiffs have already brought and dismissed the same claims against them in multiple cases. (D.I. 621 at 3-4)

Dismissing the Category 1 Plaintiffs without prejudice would be unduly prejudicial to Defendants. Plaintiffs' counsel affirmatively represents that each of the Category 1 Plaintiffs no longer wishes to pursue his claims after litigating the case for more than a decade. (D.I. 533; D.I. 534; D.I. 535; D.I. 536; D.I. 537; D.I. 538; D.I. 539; D.I. 540; D.I. 541; D.I. 599) Defendants have shown that many of the Category 1 Plaintiffs previously brought these same claims in other jurisdictions, and dismissal without prejudice may enable them to renew their claims in the future under Ecuadorian constitutional law:[3]

| Plaintiff Seeking Dismissal Without Prejudice | *Abarca* (Fla. 1995) Plaintiff | *Chaverri* (E.D. La. 2011) Plaintiff |
|---|---|---|
| Manuel Benigno Ortis | | Yes, 2:11-cv-1305 |
| Sergio Pena Campana | | |
| Luis Lucero Chusino | Yes | |
| Jose Erasmo Leon Velez | Yes | |
| Eulogio Apolonio Zambrano | Yes | Yes, 2:11-cv-1305 |
| Manuel Jesus Inga Dominguez | Yes | Yes, 2:11-cv-1300 |
| Mariano Cruz Jimenez Guanoquiza | Yes | Yes, 2:11-cv-1305 |
| Epifanio Archibaldo Cornejo Leon | Yes | Yes, 2:11-cv-1320 |
| Luis Alberto Pesante Redrovan | | |
| Sixto Torres Farias | Yes | Yes, 2:11-cv-1300 |
| Florentino Gilberto Alcibar Monserrate | Yes | Yes, 2:11-cv-1303 |
| Eugenio Ciro Morales | | |
| Pedro Ramon Garcia Villon | Yes | Yes, 2:11-cv-1300 |
| Carlos Francisco Jadan Jadan | | |
| Erick Franklin Palomino Romero | | Yes, 2:11-cv-1320 |
| Julio Cesar Ruiz Giron | | |
| Douglas Rolando Sanchez Sanchez | | Yes, 2:11-cv-1311 |
| Julian Gonzalo Suarez Del Rosario | Yes | Yes, 2:11-cv-1300 |
| Eugenio de Jesus Vivar Sanchez | | Yes, 2:11-cv-1303 |

---

[3] In response to Defendants' motion for summary judgment regarding the Ecuadorian Plaintiffs, Plaintiffs argued that there is no statute of limitations for its protective action under Ecuadorian constitutional law. (D.I. 433 at 4-5) In a Memorandum Opinion and Order issued on January 24, 2024, the court denied Defendants' motion for summary judgment based on the conclusion that the complaint "qualifies as an Ecuadorian protective action." (D.I. 443 at 11-12; D.I. 444)

| Plaintiff Seeking Dismissal Without Prejudice | *Abarca* (Fla. 1995) Plaintiff | *Chaverri* (E.D. La. 2011) Plaintiff |
|---|---|---|
| Lauro Olmedo Chacon Quichimbo | Yes | Yes, 2:11-cv-1320 |
| Jose Antonio Espinoza Espinoza | | Yes, 2:11-cv-1300 |
| Julian Alvarez Jovino | Yes | Yes, 2:11-cv-1305 |
| Leopoldo Mauricio Quezada Vitonera | | Yes, 2:11-cv-1303 |
| Diocles Leovigildo Rezabala Moreira | | |

(D.I. 552 at 7-8; D.I. 614 at 4-5)

Defendants have incurred significant expenses in defending against the Category 1 Plaintiffs in this case and in prior litigation. (D.I. 553 at ¶¶ 6-9; D.I. 615) The Category 1 Plaintiffs are in contact with their counsel, they affirmatively chose to no longer pursue this litigation, and they appear likely to renew identical claims against Defendants in the future, thereby multiplying Defendants' litigation expenses regarding the same claims. The late stage of this case also weighs in favor of dismissing the Category 1 Plaintiffs with prejudice, as the first trial is scheduled to proceed in February of 2026. (D.I. 473) Under these circumstances, the court is persuaded by Defendants' position that "Plaintiffs cannot be permitted to just keep kicking the can down the road and forcing Defendants to litigate indefinitely." (D.I. 552 at 8)

I recommend that the court GRANT Plaintiffs' motion to dismiss without prejudice and DENY Defendants' cross-motion to dismiss with prejudice the Category 2 Plaintiffs for whom no timely substitution was made under Rule 25(a). Below is a chart setting forth the Category 2 Plaintiffs and the dates their Notices of Suggestion of Death were filed:

| Docket No. | Date Filed | Plaintiff |
|---|---|---|
| D.I. 475 | 8/2/2024 | Epifanio Archibaldo Cornejo León |
| D.I. 254 | 1/29/2020 | Manuel Jesús Inga Dominguez |
| D.I. 257 | 1/31/2020 | Mariano Cruz Jímenez Guanoquiza |
| D.I. 212 | 1/6/2020 | José Erasmo León Velez |
| D.I. 211 | 1/6/2020 | Luis Lucero Chusino |
| D.I. 209 | 1/6/2020 | Manuel Benigno Ortiz |
| D.I. 210 | 1/6/2020 | Sergio Peña Campana |
| D.I. 476 | 8/2/2024 | Luis Alberto Pesantez Redrovan |
| D.I. 477 | 8/2/2024 | Sixto Torres Farias |
| D.I. 213 | 1/6/2020 | Eulogio Apolonio Zambrano Otero |

Although these claims "must be dismissed" under Rule 25(a)(1), the Rule does not specify whether the dismissal should be made with or without prejudice. *See West v. C.R. Bard Inc.*, 2022 WL 1557781, at *2 n.2 (E.D. Pa. May 17, 2022).

In contrast to the Category 1 Plaintiffs, the Category 2 Plaintiffs made no affirmative representation that they no longer wished to pursue their claims. Granting the motions to dismiss the Category 2 Plaintiffs without prejudice is not likely to lead to the inefficiencies identified by Defendants that would result from future litigation. *See Ferring Pharms. Inc. v. Fresenius Kabi USA, LLC*, 645 F. Supp. 3d 335, 393-94 (D. Del. 2022) (expressing skepticism that dismissing without prejudice would result in relitigating the case). Defendants acknowledge that Plaintiffs' counsel has not located a suitable substitute party for the deceased Plaintiffs since their notices of suggestion of death were filed beginning in 2020. (D.I. 552 at 10-11) It is unlikely that these claims will be re-raised. *See Mirtech, Inc. v. AgroFresh, Inc.*, C.A. No. 20-1170-RGA, 2023 WL 4457006, at *2 (D. Del. July 11, 2023) ("The mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice.").

In the unlikely event that a personal representative is located who intends to pursue a survival action on behalf of a deceased Category 2 Plaintiff, the court will address whether to permit the out-of-time substitution or dismiss the claims with prejudice at that time. Moreover, the court recommends denying without prejudice Defendants' cross-motion to dismiss the Category 2 Plaintiffs with prejudice. Prior to the entry of final judgment in this case, Defendants may renew their request for dismissal with prejudice for any deceased Category 2 Plaintiff for whom a motion for substitution was never filed.

## III. CONCLUSION

For the foregoing reasons, I recommend that the court address the pending motions as follows:

| Docket No. | Plaintiff(s) | Recommended Disposition |
| --- | --- | --- |
| D.I. 531 | Epifanio Archibaldo Cornejo León<br>Manuel Jesús Inga Dominguez<br>Mariano Cruz Jímenez Guanoquiza<br>José Erasmo León Velez<br>Luis Lucero Chusino<br>Manuel Benigno Ortis<br>Sergio Peña Campana<br>Luis Alberto Pesantez Redrovan<br>Sixto Torres Farias<br>Eulogio Apolonio Zambrano Otero | GRANT Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 533 | Florentino Gilberto Alcibar Monserrate | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 534 | Eugenio Ciro Morales | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 535 | Pedro Ramón García Villón | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 536 | Carlos Francisco Jadan Jadan | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 537 | Erick Franklin Palomino Romero | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 538 | Julio Cesar Ruiz Giron | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 539 | Douglas Rolando Sanchez Sanchez | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 540 | Julian Gonzalo Suarez Del Rosario | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 541 | Eugenio De Jesus Vivar Sanchez | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 551 | Epifanio Archibaldo Cornejo León<br>Manuel Jesús Inga Dominquez<br>Mariano Cruz Jímenez Guanoquiza<br>José Erasmo León Velez<br>Luis Lucero Chuisino<br>Beningno Ortis Manuel<br>Sergio Peña Campana<br>Luis Alberto Pesantez Redrovan<br>Sixto Torres Farias<br>Eulogio Apolonio Zambrano Otero | DENY Defendants' cross-motion to dismiss WITH PREJUDICE |

|  | Florentino Gilberto Alcibar Monserrate<br>Eugenio Ciro Morales<br>Pedro Ramón García Villón<br>Carlos Francisco Jadan Jadan<br>Erick Franklin Palomino Romero<br>Julio Cesar Ruiz Giron<br>Douglas Rolando Sanchez Sanchez<br>Julian Gonzalo Suarez Del Rosario<br>Eugenio De Jesus Vivar Sanchez | GRANT Defendants' cross-motion to dismiss WITH PREJUDICE |
|---|---|---|
| D.I. 599 | Lauro Olmedo Chacon Quichimbo<br>Jose Antonio Espinoza Espinoza<br>Julian Alvarez Jovino<br>Leopoldo Mauricio Quezada Vitonera<br>Diocles Leovigildo Rezabala Moreira | DENY Plaintiffs' motion to dismiss WITHOUT PREJUDICE |
| D.I. 613 | Lauro Olmedo Chacon Quichimbo<br>Jose Antonio Espinoza Espinoza<br>Julian Alvarez Jovino<br>Leopoldo Mauricio Quezada Vitonera<br>Diocles Leovigildo Rezabala Moreira | GRANT Defendants' cross-motion to dismiss WITH PREJUDICE |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(l)(B), Fed. R. Civ. P. 72(b)(l), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to four (4) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 4, 2025

Sherry R. Fallon
United States Magistrate Judge