IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: DBCP Litigation, | : | Civil Action No. 12-695-RGA-SRF |
| | : | Consolidated |
| (Ecuadorian Plaintiffs) | : | |
| | : | |

## MEMORANDUM ORDER

Defendants Dow Chemical, various Chiquita and Dole companies, and AMVAC move for partial summary judgment in relation to the remaining Ecuadorian Plaintiffs. (D.I. 604). The motion seeks summary judgment on "the causes of action and claims for strict liability, breach of implied warranty, conspiracy, participation and assistance fraud, punitive damages, medical monitoring, and increased risk of injury." (D.I. 604-1).[1] Defendants' brief succinctly argues that there are reasons under Ecuadorian law why none of these claims are viable. (D.I. 605 at 3-11).

Plaintiffs responded by moving to dismiss the partial summary judgment motion as moot. (D.I. 669). Plaintiffs proposed four alternative rulings, to wit, denial as moot, denial, denial with abatement of the tort law claims, or abatement pending the filing of "supplemental or amended" complaints. (D.I. 669-1). Plaintiffs do not challenge any of Defendants' arguments. Instead, they argue that it has already been decided that the claims for strict liability, breach of implied warranty, conspiracy, participation and assistance fraud, punitive damages, medical monitoring, and increased risk of injury no longer remain at issue.

---

[1] The listed causes of action and claims (other than Punitive Damages) correspond to the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action alleged in the Complaint. (D.I. 1).

All parties acknowledge that the status of the listed claims does not impact the viability of Plaintiffs' First Cause of Action, a negligence claim. That is why this motion is for partial summary judgment rather than simply summary judgment.

Plaintiffs' principal concern seems to be that granting summary judgment might negatively impact Plaintiffs' Ecuadorian law claims. Plaintiffs have to date pled no Ecuadorian law claims in this Court.[2] (I have no briefing on whether Plaintiffs can or should be able to amend to bring foreign constitutional law claims in this diversity case. Since I have no briefing, I do not express any opinion on that issue.).

Plaintiffs argue that the various tort claims are moot because of my ruling that Ecuador law applies to them. (D.I. 669 at 4, citing D.I. 324). All I ruled in the cited Memorandum Order is that Ecuadorian law applied. I specifically declined to decide any consequences of that ruling. For example, "Whether . . . Plaintiffs' claims are time-barred is not a question to decide on this motion." (D.I 324 at 11).

The claims have not been dismissed. The motion is therefore not moot. I therefore DENY Plaintiffs' motion to dismiss. (D.I. 669). The motion for partial summary judgment is unopposed on the merits. Whether the grant of summary judgment would have consequences for

---

[2] Plaintiffs cite D.I. 443, pp. 12 & 16, for the proposition that they have asserted Ecuadorian constitutional claims in this Court. What I said in the cited opinion was that Plaintiffs' complaint was analogous to an Ecuadorian "protective action." (*Id.* at 12). In the same opinion, I later stated that I rejected Defendants' argument about Plaintiffs needing to amend their complaint because, while "Plaintiffs' claim is analogous to an Ecuadorian protective action for the purpose of applying the Delaware Borrowing Statute, Plaintiffs are nevertheless pursuing a negligence claim in a Delaware court. They are not pursuing a protective action in Ecuador." (*Id.* at 16). That is, Plaintiffs had already stated a negligence action; they did not need to state an action they were not pursuing in this Court.

hypothetical claims is unknown to me.  Thus, as the partial summary judgment motion (D.I. 604)

is unopposed on the merits, I GRANT it.

IT IS SO ORDERED this 3ʳᵈ day of August 2026.

_____
United States District Judge